The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; however, modifications were made to the Opinion and Award in all Findings of Fact and Conclusions of Law except for Findings of Fact Numbers Three and Nine.
* * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act, and the employment relationship existed between the parties from 21 May 1947 through 10 May 1990.
2. Liberty Mutual Insurance Company was the carrier on the risk.
3. The plaintiff was exposed to noise in his employment with Burlington Industries of 90 decibels A scale and the plaintiff was last exposed to harmful noise during a period of 90 working days or parts thereof during his last 90 days of employment with defendant-employer.
4. The plaintiff's average weekly wage was $339.39, which yields a compensation rate of $226.27, pursuant to the Form 22.
5. The parties stipulated one hundred and four pages of documents from plaintiff's personnel and health files into evidence.
6. Plaintiff and defendants, through counsel, stipulated that the hearing test report of 8 May 1990, previously introduced into the Industrial Commission's record in this case, to the extent it is accurate, also reflects plaintiff's level of hearing loss as of 10 May 1990, plaintiff's last day of work. This stipulation does not constitute any admission by plaintiff that the test is accurate, that it reflects plaintiff's hearing loss at any time subsequent to 10 May 1990 after he left work, or that the documented hearing loss after 10 May 1990 was related to any cause other than noise in plaintiff's employment.
7. The issues for determination are:
 a. Is the plaintiff suffering from a compensable occupational hearing loss pursuant to N.C. Gen. Stat. § 97-53 (b);
 b. To what benefits may plaintiff be entitled if his condition is compensable;
 c. Has plaintiff timely given notice and filed his claim; and,
 d. Did the plaintiff properly wear hearing protection provided by defendants.
* * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Prior to 1 October 1971, the plaintiff underwent an audiogram on 29 April 1971 which established his having a binaural sensorineural hearing loss of 32.54 percent. While working in noisy areas in the defendant's employment, the plaintiff regularly used hearing protection devices provided by the defendant-employer which were capable of reducing his noise exposure in the workplace below eighty-two (82) decibels.
2. An audiogram taken on 8 May 1990 reflected as of 8 May, as well as 10 May 1990, a binaural loss of 30.375 percent These results indicate that plaintiff's actual hearing loss disability, calculated according to the statutory provisions, was less in 1990 than in 1971.
3. After plaintiff's audiogram on 8 May 1990, he worked two more days. From 8 May 1990 to 10 May 1990, plaintiff's last day of work, there was insufficient exposure to noise greater than or equal to 90 decibels in the employment at defendant-employer to constitute an injurious exposure.
4. Plaintiff alleges that his increase of hearing loss at the 500 hertz level indicated his hearing loss was augmented by exposure to harmful noise at work. However, exposure to harmful noise has been shown to cause a loss of hearing at the 2,000 and 3,000 frequency range (which in plaintiff's case remained unchanged from 1971 to 1990), but not at the lower, 500 hertz range. Even assuming the increase at the 500 hertz level did constitute an augmentation of his hearing loss, the competent credible evidence does not establish a causal relationship between plaintiff's workplace noise exposure and this increase at the 500 hertz level. The plaintiff has been diagnosed as being hypertensive, for which he has taken since the early 1980's blood pressure medication, which in addition to the aging process, may be more likely the responsible cause for the 500 hertz level hearing loss.
5. The plaintiff admitted that he had discussed over the years his hearing loss with the plant nurse, and she had encouraged him to wear ear plugs which the defendant provided to protect his hearing. The plaintiff was of the belief that his work caused this hearing loss problem. Thus, plaintiff operated under the understanding the entire time during his employment and for the period from 1 October 1971, the effective date of the hearing loss statute, to his last day on 10 May 1990 that his hearing loss was work-related. This belief was in part because of the loud noise in his workplace, his employer's hearing loss protection and conservation program through which his hearing was tested every six months year after year, and he knew that if he did not wear the hearing protection devices as directed, he would be fired. He was given no conflicting information as to the work-related cause of his hearing loss.
6. On 31 January 1992, after having been retired from defendant-employer for twenty months and after his hearing did not improve, the plaintiff was tested at Miracle Ear, at which time he purchased hearing aids for both ears.
7. On 8 July 1994, over four years after leaving defendant-employer, the plaintiff was tested by Dr. Robert Quinn's audiological assistant and was told that the hearing loss documented in 1994 was caused by plaintiff's employment, even though four years previous, plaintiff's actual hearing loss disability was less in 1990 than in 1971 and he did not explain how the loss documented by his assistant in 1994 could have occurred four years after the employment ended. Little weight is afforded the opinions of Robert Quinn, M.D. Further, for purposes of the statute when more than one audiogram is taken, the one with the lowest threshold, i.e. the best one, is used to calculate any hearing loss. The audiogram taken on 8 May, 1990, and valid for 10 May 1990, would be the audiogram used in the calculation.
8. In 1994 plaintiff filed a claim for hearing loss. However, this filing of a claim was not within two years of knowledge of such loss.
9. There is insufficient evidence to support a finding that plaintiff's hearing loss after 8 May 1990, the date of the last audiogram while employed by the defendant-employer, is an occupational hearing loss.
* * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
1. Since plaintiff knew his hearing loss was work-related, the opinion rendered in 1994 by Robert Quinn, M.D. only confirmed what he already knew. Competent medical authority advise is not necessary when an employee has actual knowledge. Thus, plaintiff should have filed his claim within two years of his last day of work. Therefore, since his filing a claim in 1994 was not timely, the Industrial Commission does not have jurisdiction over this matter. N.C. Gen. Stat. § 97-58.
2. Assuming, arguendo that plaintiff did timely file his claim and that the Industrial Commission has jurisdiction over plaintiff's claim, nonetheless, plaintiff is not entitled to benefits. Without additional work-related hearing loss over the period of employment after 1 October 1971 there is not any augmentation of his pre-existing hearing loss to any extent and, consequently, plaintiff has no work-related hearing loss from 1 October 1971 to 10 May 1990 on which to base an entitlement, nor is plaintiff entitled to recover benefits for any pre-existing loss, that is, loss prior to 1 October 1971. N.C. Gen. Stat. § 97-53 (28); N.C. Gen. Stat. § 97-58; Clark v. BurlingtonIndustries, Inc., 78 N.C. App. 695, 338 S.E.2d 553 (1986), cert.denied, 316 N.C. 375 S.E.2d 892 (1986).
* * * * * * * *
Based on the foregoing findings of fact and conclusion of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Plaintiff's claim is, and under the law must be, DENIED.
2. Each side shall pay its own costs.
 S/ ______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _______________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _______________ THOMAS J. BOLCH COMMISSIONER
DCS:jmf